UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>FRANCIS LANGE and<br>MATTHEW DUBRAY,<br><br>                Defendants. | CR. 17-50018-JLV<br><br>ORDER |

Defendant Francis Lange filed a motion to sever his trial from that of his codefendant Matthew Dubray. (Docket 41). The government filed its response resisting Lange's motion. (Docket 46). Lange did not submit a reply brief. Dubray did not join or oppose the severance motion.

The superseding indictment naming Lange and Dubray includes three counts. (Docket 10). Count one alleges Lange stole a pistol from a federally licensed pawn shop in Rapid City, South Dakota, on February 9, 2016. Id. at p. 1. Count two claims in July 2016 Dubray unlawfully possessed the pistol Lange allegedly stole. Id. at pp. 1-2. Count three asserts in August 2016 Dubray unlawfully possessed a different pistol from the gun in the other counts. Id. at p. 2.

## DISCUSSION

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). "If joinder is proper, the court still has discretion to order a severance under Federal Rule of

Criminal Procedure 14." These rules are to be 'liberally construed in favor of joinder.'" Id. (quoting United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994)). The United States Court of Appeals for the Eighth Circuit instructs "[j]oinder must be viewed on a case by case basis." Haggard v. United States, 369 F.2d 968, 974 (8th Cir. 1966).

"The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true." United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (internal citations omitted), overruled on other grounds by United States v. Gardner, 447 F.3d 558, 560-61 (8th Cir. 2006); see also United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) ("An indictment must reveal on its face a proper basis for joinder.").

**1.    Federal Rule of Criminal Procedure 8**

Federal Rule of Criminal Procedure 8 provides:

> (b) Joinder of Defendants. The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

Lange argues Rule 8 is not met because "there is no evidence or allegation of a plan or scheme." (Docket 41 at p. 3). He claims any "series of acts" connecting the defendants must be a series of criminal acts. Id. The government contends the indictment satisfies Rule 8. (Docket 46). In the government's view, Lange's "actions as alleged are tied together with those of

2

the codefendant." Id. at p. 3. The government takes this position because it asserts Lange sold Dubray the firearms in counts two and three. Id. at pp. 2-3.

"Federal Rule of Criminal Procedure 8(b) permits joinder of defendants 'if they are alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses.' " United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) (quoting Fed. R. Crim. P. 8(b)). "Rule 8(b) is construed liberally." Id. (citing United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989)). "Rule 8(b) has been interpreted to require some common activity involving all the defendants which embraces all the charged offenses, but it is not necessary that every defendant have participated in or be charged with each offense." United States v. O'Connell, 841 F.2d 1408, 1432-33 (8th Cir. 1988). "Although a conspiracy count is not always essential for joinder of counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." United States v. Bledsoe, 674 F.2d 647, 656-57 (8th Cir. 1982); see United States v. Bradley, No. CR. 09-50029-02, 2010 WL 346384, at *2 (D.S.D. Jan. 22, 2010) (quoting this holding from Bledsoe).

The court finds Rule 8 is met with respect to Lange and Dubray on counts one and two. Count one describes Lange's theft of a firearm from a pawn shop, and count two covers Dubray's subsequent illegal possession of that precise gun. (Docket 10 at pp. 1-2). These counts track a particular firearm's transition from a piece of property unlawfully taken from a store by

one person and five months later unlawfully possessed by another person.  Id. Whether the firearm made its way from Lange's theft to Dubray's possession for Lange's monetary benefit or to conceal Lange's crime, the underlying facts "at least suggest the existence of an overall scheme encompassing" the defendants. See Bledsoe, 674 F.2d at 656; United States v. Shangreaux, CR. 16-50100, 2017 WL 4075164, at *2 (D.S.D. Sept. 13, 2017).

As for Lange and Dubray on counts one and three, the court finds Rule 8 is not met.  Count three claims in August 2016 Dubray unlawfully possessed a completely different gun from the one Lange allegedly stole.  (Docket 10 at p. 2). Lange is not mentioned in count three.  Id.  Count three's allegations occurred one month after count two's and six months after count one's.  Id.  The face of the indictment does not show any connection between Dubray in count three and Lange.  Id.  The government argues there is a sufficient connection because in an interview Dubray stated Lange sold him the pistols in counts two and three.  (Docket 46 at pp. 2-3).  But the indictment does not present this information, and the court must find the basis for joinder from the indictment's face.  See Wadena, 152 F.3d at 848; United States v. Condon, No. 3:14-CR-30083, 2014 WL 6694782, at *4-5 (D.S.D. Nov. 26, 2014).  Lange's trial on count one must be severed from Dubray's trial on count three.  Because the court determines below the joinder of defendants for counts one and two is proper under Rule 14 of the Federal Rules of Criminal procedure, one trial will occur for defendants on counts one and two, and a separate trial will occur for Dubray on count three.

## 2. Federal Rule of Criminal Procedure 14

"Under Rule 14, a district court may sever a defendant's trial from the trial of co-defendants if it appears that a defendant . . . is prejudiced by a joinder of offenses or of defendants in an indictment . . . or by such joinder for trial together." Darden, 70 F.3d at 1527 (internal quotation marks and brackets omitted). "When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial prejudiced his or her right to a fair trial." Id. (citations omitted). The preference for joinder may be overcome only if a defendant "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009) (internal quotation marks and citations omitted).

"To show real prejudice, the defendant must establish that '(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.'" United States v. Davis, 534 F.3d 903, 916-17 (8th Cir. 2008) (quoting United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004)). "[A] defendant must establish something more than the mere fact that his chance for acquittal would have been better had he been tried separately. [The defendant] must affirmatively demonstrate that the joint trial prejudiced his right to a fair trial." United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995) (internal quotation marks and citations omitted). "Disparity in the weight of the evidence between the codefendants is not a sufficient reason for severance."

United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996) (citations omitted).

"[T]he mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." Shivers, 66 F.3d at 940 (internal quotation marks and citations omitted). "[T]he existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable. . . . Put simply, mere hostility between defendants or one defendant's attempt 'to save himself at the expense of another' codefendant is not a sufficient ground to require severance." Id. (quoting United States v. Boyd, 610 F.2d 521, 526 (8th Cir. 1979)); see also United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993) ("The mere fact that defendants are apparently hostile to one another is not grounds for severance.").

The remaining issue is whether Rule 14 requires severing the trial of Lange and Dubray on counts one and two. Lange argues a trial joined with Dubray "serves to aggravate the emotions of the jurors[.]" (Docket 41 at p. 3). He contends the "mere suspicion Defendant Lange may have sold the gun he is accused of stealing to a convicted felon, whether or not that person's felony conviction was known, would undoubtedly cause significant harm to the jury's perception of Defendant Lange." Id. at pp. 4-5. According to the government, Rule 14 permits a joint trial for Lange and Dubray on counts one and two. (Docket 46 at pp. 4-5). The government claims Lange fails to carry his burden on the issue of prejudice and the jury "will be able to compartmentalize the evidence against both defendants." Id. at p. 4.

6

The court finds Lange fails to establish prejudice requiring separate trials for Lange and Dubray on counts one and two. "Severance is not required 'simply because the evidence may have been more damaging against one [defendant] than the others.'" United States v. Noe, 411 F.3d 878, 886 (8th Cir. 2005) (quoting United States v. Garcia, 785 F.2d 214, 220 (8th Cir. 1986)). "To prevail on such a claim a defendant must show prejudice to a specific trial right or that a joint trial would not enable the jury to make a 'reliable judgment about guilt or innocence.'" United States v. Benedict, 855 F.3d 880, 885 (8th Cir. 2017) (quoting United States v. Dierling, 131 F.3d 722, 734 (8th Cir. 1997)). The general claims about evidence against Dubray prejudicing Lange are insufficient to demonstrate "prejudice to a specific trial right[.]" Id. Lange fails to overcome the "strong presumption against severing properly joined cases." Id. at 884 (internal quotation marks omitted).

## ORDER

Based on the above analysis, it is

ORDERED that Lange's motion to sever (Docket 41) is granted in part and denied in part. If this case goes to trial, one trial will occur for Lange and Dubray on counts one and two, and a separate trial will occur for Dubray on count three.

IT IS FURTHER ORDERED that a scheduling order will be entered.

Dated November 1, 2017.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE